**[Cite as *State v. Kirk*, 2026-Ohio-1102.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2025CA0032-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD LEE. KIRK, JR. | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 24TRC05335 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2026

SUTTON, Judge.

{¶1}    Defendant-Appellant Richard Lee Kirk appeals the judgment of the Medina Municipal Court.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    In September 2024, Mr. Kirk was stopped by police in the City of Medina and after an investigation was charged with operating a vehicle while under the influence ("OVI"), in violation of R.C. 4511.19(A)(1)(a), operating a vehicle while under the influence with a prior conviction in the last twenty years and refusing a chemical test, in violation of R.C. 4511.19(A)(2), failing to reinstate his license, in violation of R.C. 4510.21(A), driving the wrong way on a one-way street in violation of Medina Codified Ordinance 331.30(a), and driving after dark without headlights, in violation of Medina Codified Ordinance 337.02(a).  At the time of his violations, Mr. Kirk had two prior OVIs, one in 2023 and one in 2019.

{¶3}   After initially pleading not guilty, Mr. Kirk pleaded no contest to the OVI, the one-way street violation, and the headlight violation, and the remaining charges were dismissed.  The trial court sentenced Mr. Kirk to 365 days in jail, suspending all but 30 days, with 6 days' credit for time served, and imposed a fine of $1,700.00, a three-year driver's license suspension, and one year of probation, and, after a forfeiture hearing, the trial court ordered the forfeiture of Mr. Kirk's vehicle.  At the time of the forfeiture and sentencing hearing, however, Mr. Kirk did not have possession of the vehicle, a 2022 Kia Sportage, because he had not paid the impound and towing fees.  There was a lien on the vehicle, therefore, the lienholder obtained possession of the vehicle from the impound lot by paying the impound and towing fees and then sold the vehicle to a third party.  Because Mr. Kirk no longer possessed or owned the vehicle, the trial court imposed a $17,000.00 forfeiture penalty pursuant to R.C. 4503.234(E), which reflected the trial court's determination of the value of the Kia Sportage.

{¶4}   Mr. Kirk has appealed, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN ORDERING THE FORFEITURE OF [MR. KIRK'S] MOTOR VEHICLE AND IMPOSING A $17,000.00 FINE AS A FORFEITURE PENALTY.  SAID FINE WAS EXCESSIVE UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND GROSSLY DISPROPORTIONAL TO THE GRAVITY OF [MR. KIRK'S] OFFENSE.**

{¶5}   Mr. Kirk's sole assignment of error concerns only the forfeiture penalty imposed due to the transfer of the vehicle, arguing the $17,000.00 forfeiture penalty is an excessive fine that violates the Eighth Amendment to the United States Constitution.  The Eighth Amendment provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The forfeiture of a vehicle pursuant to R.C. 4511.19(G)(1)(c)(v)

is subject to the "excessive fines" clause of the Eighth Amendment. *State v. O'Malley*, 2022-Ohio-3207, ¶ 38. Therefore, it follows that the imposition of a monetary forfeiture fine equal to the value of a vehicle subject to forfeiture is also subject to an Eighth Amendment "excessive fines" analysis.

{¶6} R.C. 4511.19(G)(1)(c)(v) provides that if a person convicted of OVI has been previously convicted of OVI within ten years of the offense, the sentence *shall* include, "*[i]n all cases*, if the vehicle is registered in the offender's name, criminal forfeiture of the vehicle involved in the offense[.]" (Emphasis added.) If the vehicle at issue was assigned or transferred, R.C. 4503.234(E) provides in relevant part:

> (E) If a court orders the criminal forfeiture to the state of a vehicle pursuant to section . . . 4511.19 . . . of the Revised Code [and] the title to the motor vehicle is assigned or transferred . . . in addition to or independent of any other penalty established by law, the court may fine the offender the value of the vehicle as determined by publications of the national auto dealer's association.

Because Mr. Kirk no longer owned the subject vehicle due to its transfer to the lienholder and sale to a third party, the trial court was authorized to fine Mr. Kirk in the amount of the value of the vehicle, which the trial court determined to be $17,000.00. Mr. Kirk is not arguing the vehicle was not worth $17,000.00. He is arguing the $17,000.00 forfeiture penalty in lieu of forfeiture is an excessive fine and therefore unconstitutional as applied to him.

{¶7} *State v. O'Malley*, cited above, differs from the case before us because that case involved the actual forfeiture of the vehicle, and here, the case concerns a monetary penalty in lieu of forfeiture equal to the value of the vehicle. The *O'Malley* case is nevertheless instructive on the issue of whether the $17,000.00 penalty as applied to Mr. Kirk is an unconstitutional excessive fine. In *O'Malley*, the "fine" was the forfeited vehicle itself, which had a value of $31,000.00, and here, the "fine" is an order to pay $17,000.00, the value of the vehicle subject to forfeiture.

**{¶8}** Like Mr. Kirk, the defendant in *O'Malley* had been convicted of his third OVI offense in ten years. *Id.* at ¶ 3-4. And like Mr. Kirk, the defendant in *O'Malley* argued that as applied to him, the forfeiture pursuant to R.C. 4511.19(G)(1)(c)(v) was an unconstitutional excessive fine under the Eighth Amendment to the United States Constitution. And like Mr. Kirk, the defendant in *O'Malley* argued the forfeiture was grossly disproportionate to his OVI offense. *Id.* at ¶ 30.

**{¶9}** The Supreme Court of Ohio, in *O'Malley*, stated, "to succeed on an as-applied constitutional challenge, [the defendant] must prove by clear and convincing evidence that the [forfeiture] statute's application to his particular set of facts is unconstitutional." *Id.* at ¶ 32, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph six of the syllabus. "This means that [the defendant] must produce evidence that creates a 'firm belief' that R.C. 4511.19(G)(1)(c)(v) is unconstitutional as applied to him." *O'Malley* at ¶ 32, citing *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

**{¶10}** We must accept the trial court's factual findings if they are supported by some competent and credible evidence. *O'Malley* at ¶ 33, citing *State v. Schiebel,* 55 Ohio St.3d 71, 74 (1990). "However, in determining whether a fine is unconstitutionally excessive-applying the constitutional standard to supported facts-we conduct a de novo review." *O'Malley* at ¶ 33, citing *United States v. Bajakajian,* 524 U.S. 321, 336 (1998), fn. 10.

**{¶11}** "To determine whether a criminal forfeiture is constitutionally permissible, courts must ask whether the forfeiture is 'grossly disproportional to the gravity of a defendant's offense.'" *O'Malley* at ¶ 51, citing *Bajakajian*, 524 U.S. at 334. "In other words, courts must do some balancing: weighing the value of the thing seized on the one hand against the gravity of the offense on the other hand." *O'Malley* at ¶ 51. Discussing the value of the defendant's vehicle in *O'Malley*,

the Supreme Court of Ohio acknowledged the vehicle was valuable in both a real and intangible sense. The vehicle was valued at $31,000.00, was the defendant's only significant asset, and his primary means of transportation. *Id.* at ¶ 52. The loss of his vehicle had an obvious impact on the defendant's wealth in the near and long term and, under the Eighth Amendment, "that is not nothing." *Id.* The Supreme Court of Ohio went on to say, "[b]ut it is not everything either." *Id.*

**{¶12}** The Supreme Court of Ohio then considered the gravity of the offense, which "necessarily means the seriousness and severity of the crime." *Id.* at ¶ 52, citing *Bajakajian* at 339-340. After a lengthy analysis, it determined the state legislature chose to criminalize drunk driving and require offenders who are convicted of a third OVI offense within ten years to forfeit the vehicle used to commit the offense. Therefore, that factor weighed heavily against the defendant in the gross-disproportionality analysis. *See O'Malley* at ¶ 54-70. The *O'Malley* Court also considered the culpability of the defendant and stated, "[i]n addition to the legislature's sentencing scheme, we review the facts as found by the trial court and [the defendant's] sentence in total to determine culpability." *Id.* at ¶ 79. The facts in *O'Malley* included: the defendant was very intoxicated, placing "the driving public at grave risk," and he chose to drive drunk on the Fourth of July, one of the busiest travel days of the summer. *Id.* at ¶ 79- 83. Therefore, the defendant's culpability was "not minimal." *Id.* at ¶ 84. The Supreme Court of Ohio also stated the fact that the defendant in *O'Malley* committed no other crimes during the commission of his OVI weighed *against* forfeiture. *Id.* at ¶ 85. The Supreme Court of Ohio ultimately determined, under the facts of *O'Malley*, "the forfeiture of [the defendant's vehicle] was not grossly disproportional to his . . . OVI offense" and "R.C. 4511.19(G)(1)(c)(v) is thus not unconstitutional as applied to [the defendant]." *Id.* at ¶ 103.

{¶13} Here, however, we must determine whether R.C. 4503.234(E) is unconstitutional as applied to Mr. Kirk. While the trial court ordered the forfeiture of Mr. Kirk's vehicle, because the vehicle had been transferred, the trial court imposed the $17,000.00 value of the vehicle as a fine pursuant to R.C. 4503.234(E). In conducting our analysis, we note that R.C. 4503.234(E) provides that the forfeiture penalty is "in addition to or independent of any other penalty established by law[.]"

{¶14} The trial court here undertook an analysis similar to the analysis in *O'Malley*. This was Mr. Kirk's third OVI conviction in ten years. Mr. Kirk was driving in the early morning hours in the dark with no headlights and driving the wrong way on a one-way street. Therefore, unlike the defendant in *O'Malley*, Mr. Kirk had committed multiple offenses in addition to the OVI. In addition, the trial court stated, "[Mr. Kirk] exhibited six of six clues of impairment on the 'horizontal gaze nystagmus' . . . test" and "[Mr. Kirk's] condition of extreme intoxication strongly indicates just how serious a threat to other drivers [Mr. Kirk] poses." Mr. Kirk refused a chemical test and after he was arrested, he was yelling and exhibiting aggressive behavior while at the Medina County Sheriff's Office. The trial court observed that Mr. Kirk's "quick accumulation of OVI charges since 2019 alone signals a degree of serious indifference to the safety of others." As for Mr. Kirk's actual sentence, the trial court observed:

> [Mr. Kirk's] culpability is informed by the General Assembly's prescribed penalties for the offense in question. That culpability determination, however, is not constrained by the potential range of jail terms and fines which R.C. 4511.19(G) authorizes. Focusing on these factors ignores the fact that the General Assembly also imposed a mandatory forfeiture for the offense of which [Mr. Kirk] is convicted. His offense falls "within the third tier of escalating drunk-driving penalties; it contains a mandatory jail term, a mandatory fine, and a mandatory forfeiture; all harsher than the penalties for those convicted with fewer (or no) past OVI offenses" *O'Malley* ¶ 73. The legislature itself has indicated that drivers like [Mr. Kirk] "are more culpable, since they fall within the third tier of drunk-driving offenses . . ." *Id.* at ¶ 74. And although classifying an R.C. 4511.19(A)(1) as a misdemeanor offense demonstrates a lower level of culpability, it must be

considered along with the associated and enhanced punishment chosen by the General Assembly for the 3rd-in-10 years OVI offense. *Id.*

**{¶15}** The trial court, after weighing the amount of the forfeiture fine against the gravity of the offense, stated, "[o]n balance, the [c]ourt finds the value of the vehicle forfeited was not disproportionate to the gravity of the offense." In addition, the trial court found the forfeiture "was not shown to have any obvious or irremediable impact on Mr. Kirk's wealth in the mid or long term."

**{¶16}** Mr. Kirk argues his fiancée was the primary user of the Kia Sportage, and while Mr. Kirk argues in his brief that he and his fiancée had no other vehicles, by the time of the forfeiture hearing, Mr. Kirk's fiancée did have a vehicle. The trial court stated, "[t]he additional vehicle owned by [Mr. Kirk's] partner, who resides with him, establishes his access to transportation[.]" Mr. Kirk also argues the forfeiture penalty will cause him financial hardship because he and his fiancée have three children, he was unemployed because he "lost his job due to the jail sentence in this case" and he still owes a total of $29,000.00 on the vehicle in addition to the $17,000.00 forfeiture penalty. First, Mr. Kirk does not explain why he would still owe $29,000.00 on the vehicle when the lienholder had already recouped $17,000.00 of the amount owed from the auction proceeds. Second, pursuant to R.C. 4503.234(E) and (C)(2), proceeds from a penalty in lieu of forfeiture are to be distributed as follows:

> (a) First, they shall be applied to the payment of the costs incurred in connection with the seizure, storage, and maintenance of, and provision of security for, the vehicle, any proceeding arising out of the forfeiture, and if any, the sale.

> (b) Second, the remaining proceeds after compliance with division (C)(2)(a) of this section, shall be applied to the payment of the value of any lien or ownership interest in the vehicle preserved under division (B) of this section.

**{¶17}** Therefore, Ohio's General Assembly specifically contemplated and provided for situations such as this where a defendant still owed on a vehicle subject to forfeiture. Here, the trial court's order included an order of distribution pursuant to R.C. 4503.234(E) and (C)(2).

**{¶18}** In conclusion, we determine that the trial court's findings of fact concerning the gravity of Mr. Kirk's offense and the impact of the forfeiture penalty on Mr. Kirk's wealth in the "mid or long term" were based on some competent, credible evidence. Based upon our de novo review of this matter and the relevant caselaw, particularly *O'Malley*, we conclude the trial court did not err in finding Mr. Kirk failed to show by clear and convincing evidence that the $17,000.00 forfeiture penalty was grossly disproportional to the gravity of Mr. Kirk's offense. Therefore, the $17,000.00 forfeiture penalty did not constitute an unconstitutional excessive fine as applied to Mr. Kirk.

**{¶19}** Accordingly, Mr. Kirk's assignment of error is overruled.

III.

**{¶20}** For the forgoing reasons, Mr. Kirk's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
CONCURS.

FLAGG LANZINGER, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶21} I respectfully concur in judgment only. As the Ohio Supreme Court has explained, "[a]ll statutes have a strong presumption of constitutionality" and it "is difficult to prove that a statute is unconstitutional." *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 25. Where, like here, "statutes are challenged on the ground that they are unconstitutional as applied to a particular set of facts, the party making the challenge bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statutes unconstitutional and void when applied to those facts." *Harrold v. Collier*, 2005-Ohio-5334, ¶ 38. I would overrule Kirk's assignment of error on the basis that he failed to meet this burden. *See* App.R. 16(A)(7). Kirk's argument on appeal is two paragraphs long, contains conclusory statements, and fails to even cite R.C. 4503.234(E), which is the statute he purportedly challenges. Given the limited argument

presented on appeal, I would hold that Kirk failed to meet his burden of proving that R.C. 4503.234(E) is unconstitutional as applied to the facts of this case. Accordingly, I concur in judgment only.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

GREGORY A. HUBER, J. MATTHEW LANIER, and MEGAN A. PHILBIN, Prosecuting Attorneys, for Appellee.